## HERNÁNDEZ v. ORTIZ ET AL.

### Appeal from the District Court of Mayagüez.

No. 813.—Decided December 21, 1912.

APPEAL—FINDINGS OF LOWER COURT—SIMULATED PAYMENT—FRAUD—CONSPIRACY—EVIDENCE.—After weighing the evidence introduced in this case the trial court held that the existence of a fraudulent conspiracy between the defendants for the purpose of injuring the plaintiff or that the payment made by one defendant to his codefendant was. false and simulated had not been proven. It was held on appeal that the appellant not having alleged or shown that the lower court committed error in weighing the evidence or that it was actuated by passion, prejudice, or partiality, no reason · existed for not accepting said findings.

PRIVATE DOCUMENTS—THIRD PARTIES.—A receipt in the form of a private document and acknowledged by the parties thereto has the same value as to said parties as a public instrument and according to section 1193 of the Civil Code is effective from its date, but in regard to third parties section 1195 of said code is applicable.

JUDGMENT LIEN—PAYMENT TO JUDGMENT DEBTOR—FRAUDULENT INTENTION—COMMON CREDITS—REAL PROPERTY.—The Act of March 8, 1906, providing for the manner of creating judgment liens on real property does not create, as is indicated by its title, liens on common credits, therefore a judgment creditor who has recorded his judgment in the judgment registry cannot plead the existence of a lien on a common credit which the debtor had in his favor. Even in the supposition that a person pays his debt to a judgment debtor knowing that said judgment is recorded in the registry, if he does not know of the fraudulent intention which said debtor may have in regard to the judgment creditor, the payment is properly made and extinguishes the obligation.

PAYMENT—RESCISSION OF PAYMENT—OBLIGATIONS NOT DUE.—The payment of a debt before it is due will not be rescinded for the reasons stated in section 1259 of the Revised Civil Code unless it is shown that the person who made the payment was insolvent at the time.

COSTS—APPEAL—NOTICE OF APPEAL.—When the transcript of the record does not contain the notice of appeal taken from the decision of the trial court approving a memorandum of costs, this court lacks jurisdiction to decide the appeal although it may have been really taken.

The facts are stated in the opinion.

*Mr. Juan Quintero* for appellant.

*Mr. Angel A. Vázquez* for respondents.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an appeal taken by the plaintiff, Agustín Hernández Mena, from a judgment rendered on appeal on December 29 of last year by the District Court of Mayagüez which tried the action *de novo* brought by Agustín Hernández Mena against Manuel Ortiz Sáinz and Tomás Oramas to rescind the payment of an obligation which was made by the former to the latter party.

The following facts are alleged by the plaintiff as his causes of action in his amended complaint, which was sworn to on August 7, 1911, in the District Court of Mayagüez.

First. That by a deed of sale executed January 19, 1905, by Tomás Oramas to Manuel Ortiz Sáinz the latter acknowledged himself to be indebted to the former ·in the sum of

$3,249, representing the balance of the purchase price, and agreed to discharge the debt by paying $700 on the 30th of the month of January of each of the years 1907 to 1910 inclusive, and the balance of $449 in January, 1911.

Second. That in the action brought on July 15, 1907, in the District Court of Mayagüez by Hernández Mena against Oramas the plaintiff obtained a judgment in his favor by default for the sum of $916.60 as principal, interest, and costs, which judgment was recorded in Book 1 of the judgment record of the Registry of Property of Mayagüez on January 4, 1908.

Third. That in execution of said judgment the marshal of the court levied upon, as property belonging to Oramas, the credit of $449 which Ortiz Sáinz was to have paid to Oramas in January, 1911, and that after said credit was advertised for sale at public auction the sale took place on November 25, 1910, and the credit was bought in and adjudged to Hernández Mena, to whom a certificate of sale was issued.

Fourth. That in February, 1911, upon the failure of Ortiz Sáinz to pay to him at maturity the note in question he brought an action for its collection against the debtor, Ortiz Sáinz, who in his sworn answer alleged as new matter of defense that on January 22, 1910, he had paid to his creditor, Oramas, the full amount he owed him, as shown by his receipt dated on that same day and under his signature and wherein Oramas bound himself to execute to him a full release as soon as Ortiz Sáinz should demand it of him. The receipt was copied fully in this answer.

Fifth. That Ortiz Sáinz and Oramas knew of their own knowledge on and prior to the date on which the receipt was made that Agustín Hernández Mena was a creditor of Oramas and that said defendants made and carried out an agreement to execute said receipt fraudulently and deceitfully, as they did, so as to prevent Hernández Mena from collecting his credit and designing to injure and defraud his interests.

Sixth. That said payment was made while in a condition of insolvency on account of an obligation which at the time of making the payment the debtor could not be compelled to fulfil.

Seventh. That the plaintiff cannot collect by any means other than by rescinding the payment of the obligation in question for the reason that Oramas has become a voluntary bankrupt and he has no other legal remedy by which to obtain reparation for the injury.

The complaint concludes with a prayer for a judgment rescinding the payment of the $449 mentioned in the receipt which Oramas gave to Ortiz Sáinz on January 22, 1910, and which has been inserted in the complaint, in addition to any other action thought to be proper, with costs against the defendants.

Both defendants filed demurrers to the amended complaint, which were overruled, and in answering the same, while admitting some of its allegations and denying others on information and belief, Manuel Ortiz Sáinz alleged as new matter of defense that he had never been informed by Hernández Mena or by any other person that the plaintiff, Hernández Mena, had filed a lawsuit against Tomás Oramas, or that a judgment had been rendered in favor of Hernández Mena or that the obligation in question had been adjudged to Hernández Mena at a public sale, for which reason and at Oramas' own request he had paid to Oramas the full amount of the note in perfect good faith before it had become due.

The case having been tried, it terminated with the judgment rendered by the District Court of Mayagüez on December 29, 1911, dismissing the complaint with costs against the plaintiff, Hernández Mena, who, as we have already stated, took the appeal which is now before us.

The court in its findings held that the facts alleged in the first, second, third, and fourth counts of the complaint were supported by the evidence, and also held it to be proven that

Tomás Oramas knew of his own knowledge on and before the date on which the receipt was made that Hernández Mena was his creditor by the judgment rendered on July 15, 1907, and that Ortiz Sáinz made the payment to Oramas on the same date on which the receipt was made, that is, on January 22, 1910, but that at that time Ortiz Sáinz was not in a state of insolvency and that no evidence was offered to prove that Sáinz and Oramas had conspired fraudulently against Hernández Mena's interests by discharging the note for $449 or that Hernández Mena had no other legal remedy to obtain reparation for the injury.

We have examined the evidence introduced at the trial and have failed to find, nor has it been shown to us by appellant, that an error has been committed in the consideration thereof or that the court below was influenced by passion, prejudice, or partiality.

Ortiz Sáinz and Oramas testified under oath that the credit acquired by Hernández Mena was really paid by the former to the latter, with a slight discount, on the same date on which the receipt was made, or on January 22, 1910, which consequently was prior to the date on which it was adjudicated to Hernández Mena. The court in the exercise of the right vested in it by the law of evidence gave credence to the testimony of Ortiz Sáinz and Oramas, and we cannot find any reason to disturb its findings, for in so doing it did not violate, as Hernández Mena alleges, the provisions of section 1195 of the Civil Code, which prescribes that the date of a private instrument shall be considered as regards third parties only from the date on which it may have been filed or entered in a public registry, or from the death of any of those who signed it, or from the date on which it may have been delivered to a public official by virtue of his office. With regard to Ortiz Sáinz and Oramas, the said receipt must take effect from the date on which it was made, according to section 1193 of said code, for the document having been acknowl-

edged by both, it has the same force with regard to them as if it were a public instrument, although with regard to a third party such as Hernández Mena was, the date of the document cannot be counted except beginning with the date on which Ortiz Sáinz alleged its existence and inserted it in full in his answer to the complaint filed against him by Hernández Mena in the Municipal Court of Mayagüez in February, 1911, to secure the payment of the debt. It was not held by the court below that the receipt had any legal force with regard to Hernández Mena from the date thereof, so therefore the appellant is imputing to the same an error which is only imaginary.

Neither do we attach any importance to the allegation made by Hernández Mena that the judgment of July 15, 1907, by which he was to recover from Tomás Oramas the sum of $916 and some cents, plus interest and costs, was entered in the record of judgments of the Registry of Property of Mayagüez on January 4, 1908, so as to show that when Oramas paid the note before maturity Ortiz Sáinz should have known that Oramas was owing that sum to Hernández Mena, because the statute providing the manner of creating judgment liens on immovable property, approved March 8, 1906, does not create liens, as the title itself indicates, on common credits such as that discharged by Ortiz Sáinz, and, consequently, in making the payment to Oramas without first informing himself from the record of judgments whether or not Hernández Mena was a creditor of Oramas, Ortiz Sáinz did not commit any hasty or imprudent act for which he might be held accountable, and, moreover, even if he did know that Oramas was a debtor of Hernández Mena, according to the terms of the judgment, he had the right to make the payment to Oramas if he had no knowledge of a fraudulent intention of Oramas towards Hernández Mena.

As we have found nothing to show that fraud and deceit have been committed in connection with the payment made

by Ortiz Sáinz to Oramas before it became due or that they have formed a conspiracy to defraud Hernández Mena, we will next proceed to consider whether or not, according to the provisions of section 1259 of the Civil Code, the payment made by Ortiz Sáinz to Oramas is subject to rescission.

That section reads as follows:

"Section 1259.—Payments made while in a state of insolvency by a debtor on account of obligations which at the time of making the debtor could not be compelled to fulfill may also be rescinded."

It cannot be disputed that on January 22, 1910, Ortiz Sáinz paid to Oramas, with a slight discount, the amount of the note due in January of the following year, and that on the date on which the payment was made Hernández Mena was a creditor of Oramas for a larger sum. But granting that owing to the circumstances attending it this case falls within the section cited, its provisions are inapplicable, because it has not been proven that Ortiz Sáinz was in a state of insolvency either at the time he paid the note to Oramas or when he inserted the full text of the receipt in his answer to the complaint filed by Hernández Mena in the action to secure the payment of the debt for which the said receipt was given.

Besides, in praying for a reversal of the judgment appealed from, Hernández Mena also asks in his appeal that the order made on January 22, 1910, approving the bill of costs, from which an appeal is said to have been taken, be set aside. But there being nothing in the record to show that such an appeal has been taken, we have no jurisdiction to consider and determine it even had such an appeal been taken.

For the foregoing reasons the judgment appealed from should be affirmed.

*Affirmed.*

Justices MacLeary, Wolf, del Toro and Aldrey concurred.